TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

EDNIN MARTINEZ
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
ednin.martinez@usdoj.gov

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Janae Huteson and Alyssa Vernon,<br><br>Plaintiffs,<br><br>v.<br><br>United States Postal Service, *et al.*<br><br>Defendants. | Case No. 2:25-cv-02590-GMN-MDC<br><br>**Federal Defendants' UNOPPOSED Motion for Retroactive Extension of Time to File a Response to Plaintiffs' Complaint (ECF No. 1)**<br><br>**FIRST REQUEST** |

Federal Defendants, by and through undersigned counsel, move this Court for a 30-day extension of time from June 4, 2026, up to and including **July 6, 2026**[1], in which to file a response to Plaintiffs' Complaint (ECF No. 1). Undersigned AUSA has several competing deadlines, and needs additional time to review Plaintiffs' file, to identify whether additional information is needed, to coordinate with the agency, and to prepare a response.

On June 4, 2026, the parties conferred, and Plaintiff's counsel agrees to a 30-day extension from June 4, 2026. This is Federal Defendants' first request for an extension of time to respond to Plaintiffs' Complaint. This request is made in good faith and not for the purpose of any undue delay.

---

[1] July 4, 2026, is a Saturday.

**Memorandum of Points and Authorities**

On December 23, 2025, Plaintiffs filed their complaint. ECF No. 1. On February 17, 2026, Plaintiffs served Federal Defendants with summons and Complaint. ECF No. 7. Federal Defendants' original deadline to respond to the complaint was April 18, 2026. *See* Fed. R. Civ. P. 12(a)(2). However, Federal Defendants inadvertently missed the deadline to Answer as the undersigned was recently assigned to this case. Additional time is necessary for the Federal Defendants to prepare a response to the complaint because undersigned AUSA has several competing deadlines, and needs additional time to review Plaintiffs' file, to identify whether additional information is needed, to coordinate with the agency, and to prepare a response.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The Ninth Circuit applies the following four-factor equitable test to determine whether a party's failure to meet a deadline constitutes "excusable neglect:" (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). This inquiry is equitable and requires consideration of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Even where the reason for delay is imperfect, excusable neglect may be found when the delay is minimal, non-prejudicial, and not undertaken in bad faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

First, Plaintiffs are willing to consent to this requested extension. Second, the length of delay is not excessive, and the proceedings will not be significantly impacted because discovery has not begun. Third, the reason for the delay was unintentional oversight in the case assignment process. The Civil Division of the United States Attorney's Office for the District of Nevada has been operating at approximately fifty percent capacity for several

months and has been significantly preoccupied with a heavy habeas caseload. Under these circumstances, assignment was regrettably but unintentionally delayed. Fourth, upon discovery of the lapsed deadline, undersigned AUSA acted quickly and reached out to Plaintiffs' counsel, which supports a finding of diligence and good faith. For these reasons, and Plaintiffs' consent, Federal Defendants submit that a finding of excusable neglect is appliable here.

Undersigned counsel is diligently in seeking information from USPS regarding the claims and allegations in Plaintiff's complaint. However, because of several other competing deadlines, undersigned AUSA will need more time to obtain and review the information available, to coordinate with USPS counsel, and to prepare a response to the complaint. Without such additional time, a proper response to the complaint cannot be prepared. For these reasons, Federal Respondents respectfully request a 30-day extension from June 4, 2024, to **July 6, 2026**[2], to prepare a response to Plaintiffs' Complaint.

If this unopposed motion for a retroactive extension of time is granted, the new deadline to respond to Plaintiffs' Complaint will be **July 6, 2026**. Given Federal Defendants' excusable neglect, good faith, and diligence, and Plaintiffs' lack of opposition, good cause exists for the 30-day extension. Federal Defendants, therefore, respectfully request that the Court grant this motion.

Respectfully submitted this 5th day of June 2026.

TODD BLANCHE
Acting U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Ednin Martinez*
EDNIN MARTINEZ
Assistant United States Attorney

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2026

---

[2] July 4, 2026, is a Saturday.

3